*1398 OPINION

Per Curiam:

On April 2, 1993, Naomi Garrett executed a will that disinherited her relatives, the respondents, and gave all of her property to appellant Robert Y. Williams. Garrett died on April 12, 1993, and respondents contested the will. At trial, two incidents of drug use by Williams were adduced. First, Jessica Forbes, decedent’s granddaughter, testified that she observed Williams smoke marijuana and offer her some of the substance while he lived at the apartment complex. Williams subsequently testified that since 1989 he had been subject to random drug testing by his employer and successfully passed seven separate drug tests.
The second incident involved a 1986 arrest of Williams for possession of marijuana. Although Williams was never convicted, he agreed to testify against two associates. Respondents argue that Williams opened the door to his character and that this evidence demonstrated that Williams was disloyal and would even turn against his friends if it were in his self-interest. The judge issued a limiting instruction, and later a jury instruction,[1] to the effect that Williams’ prior drug use was not to be used to determine his character, but only as a factor in assessing Garrett’s competence.
The district court erroneously allowed Jessica Forbes to testify on Williams’ drug use during the time he was a tenant, because the prejudicial effect outweighed any probative value. Moreover, Williams’ testimony against two former drug associates was irrelevant to the issue of Garrett’s competency. Although evidence that Williams had an affinity towards elderly people may have opened the door to specific instances when Williams was unkind to an elderly person, it did not open the door to evidence that Williams once testified against two drug associates. Respondents’ argument that Williams’ actions proved his disloyalty and self-interest is a double entendre at best and a non sequitur at worst. Finally, there is no basis for respondents’ suggestion that this evidence supported their alternate theory of undue influence.
*1399 We conclude that the evidence of Williams’ drug use was irrelevant or only slightly relevant, that any strained aspect of probative value is clearly outweighed by its prejudicial effect, and that its admission constituted an abuse of discretion and reversible error. See Chowdry v. NLVH, Inc., 109 Nev. 478, 485, 851 P.2d 459, 463 (1993). Accordingly, the judgment is reversed and the matter is remanded for a new trial consistent with the dictates of this opinion.

 Jury instruction 35 stated:
Evidence of use of illegal drugs by tenants/managers of Naomi Garrett may not be used to show the bad character of the tenants/ managers, but may be used as a factor regarding the competence of Naomi Garrett.